Filed 9/3/21  P. v. Mays CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARNET IRVING MAYS, JR.,<br><br>    Defendant and Appellant. | B307884<br><br>(Los Angeles County<br>Super. Ct. No. MA072512) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On February 10, 2017, Arnet Mays fired three shots with a rifle at three people. He was convicted by a jury of three counts of willful, premeditated and deliberate attempted murder, three corresponding counts of assault with a firearm, and one count of shooting at an occupied motor vehicle, and the jury found true that he personally discharged a firearm and committed the offenses to benefit a criminal street gang. The court sentenced Mays to 105 years to life in prison.

On appeal, we reversed one of the attempted murder convictions and remanded the matter for retrial or re-sentencing on that count. (*People v. Mays* (Apr. 3, 2020, B291995) [nonpub. opn.].) Upon remand, the prosecution announced it was unable to proceed with a retrial, and the trial court dismissed one attempted murder count.

The court re-sentenced Mays to state prison for two consecutive life terms on the remaining attempted murder counts, imposed a 20 year term for the firearm enhancements (Pen. Code, § 12022.53, subd. (c))[1] and the minimum 15 year term for the gang enhancements on each of those counts, and ordered the terms and enhancements on the corresponding assault counts to be stayed pursuant to section 654. The court also imposed but stayed prison terms on count 4, shooting at a moving vehicle, and the gun and gang enhancements to that count. The court indicated it was aware of its discretion to strike the gang and firearm enhancements, but stated that to do so would not be in the interest of justice.

As to the assault count corresponding to the now-dismissed attempted murder charge, the court imposed a consecutive

---

[1] Undesignated statutory references will be to the Penal Code.

middle term of three years plus a consecutive 10 year term for the gang enhancement (§ 186.22 (b)(1) (C)) and a four year term for the firearm enhancement, for a total aggregate sentence of 87 years to life.

The court subsequently recalled the above sentence and modified it as follows:  As to the three counts of assault with a firearm, the court imposed a consecutive high term of four years in state prison plus a consecutive high term of 10 years for the firearm enhancement (§ 12022.5, subds. (a), (d)).  The court stayed the terms and enhancements on two of those counts (§ 654), and also stayed the gang enhancement (§ 1170.1, subd. (f)), resulting in an aggregate sentence of 84 years to life.

Mays appeals.

We appointed counsel to represent Mays on appeal.  After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.)  On June 8, 2021, we sent letters to Mays and appointed counsel, directing counsel to forward the appellate record to Mays and advising him that within 30 days he could personally submit any contentions or issues that he wished us to consider.  He has not responded.

We have examined the entire record and find no arguable issue exists, and are therefore satisfied Mays's attorney complied with the responsibilities *Wende* imposes.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

                                        CHANEY, J.

We concur:


              BENDIX, Acting P. J.


              CRANDALL, J.*

---

   * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4